CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
January 29, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**HARRIS FAMILY HOLDINGS, LLC**

    **Plaintiff**,

v.

**PB FINANCING, LLC,**

    **Defendant**.

Civil Action No. 7:25CV00065
(Removal from Franklin County
Circuit Court
Case No. CL2500618600)

### DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 (a) and (b), and 1446, Defendant PB Financing, LLC ("PB" or "Defendant"), by counsel, gives notice of its removal of the above-captioned action from the Circuit Court of Franklin County, Virginia, to the United States District Court for the Western District of Virginia. In support thereof, Defendant states as follows:

#### I. NATURE OF REMOVED ACTION

1. On January 8, 2025, Harris Family Holdings ("Plaintiff" or "HFH") filed a Complaint in the Circuit Court of Franklin County, Virginia, Case Number CL2500618600 ("Complaint"), alleging various claims against PB[1] related to the foreclosure sale of a parcel of real estate ("Property") located in Franklin County, Virginia. This foreclosure sale occurred after Plaintiff defaulted under the terms of the Parties' loan agreement ("Loan Agreement").

2. The undersigned counsel, with permission from PB, accepted service of the Complaint on January 14, 2025.

---

[1] Plaintiff and PB are collectively referred to as "the Parties."

3. Plaintiff alleges that prior to the foreclosure sale the Property was appraised at more than $1,000,000, and that PB's credit bid of $400,000 on the Property resulted in such an extreme inadequacy and a windfall to PB that it shocks the conscience. *See Compl.* ¶¶ 15-18, 25, 28, 32.

4. Plaintiff seeks to void the trustee's deed ("Trustee's Deed"), which conveyed title of the Propety to PB, or, in the alternative, declare that the deficiency balance owed by Plaintiff to PB is based on the appraised value of the Property and not the amount paid by PB at the foreclosure sale. *Id.*, ¶¶ 23-35.

## II. TIMELINESS OF REMOVAL

5. This civil action was filed on January 8, 2025, and service was effectuated on January 14, 2025. Therefore, removal is timely. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) ("The general rule, as established by the Supreme Court in *Murphy Brothers*, is that the time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear.").

## III. PROPRIETY OF VENUE

6. Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit has been pending is located in this district and this division.

## IV. BASIS OF REMOVAL

7. Removal in this case is proper pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. In this case, federal jurisdiction is founded upon diversity of citizenship.

9. Jurisdiction exists pursuant to 28 U.S.C. § 1332(a), as this civil action is a matter between citizens of different states and the amount in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A. Diversity of Citizenship

10. Plaintiff is incorporated under the laws of the State of West Virginia. *Compl.*, ¶ 1. Plaintiff's four members are Rodney Harris, a resident of Alabama, Russell Harris, a resident of West Virginia, Ronald Harris, Jr., a resident of Alabama, and Jonella Harris, a resident of Virginia.[2]

11. PB is incorporated under the laws of Colorado. PB's members are CSI Ventures, LTD ("CSI") and Chris Smith. CSI s incorporated under the laws of Colorado with its principal place of business in Colorado. Mr. Smith is a resident of Colorado.

12. Based upon the foregoing, there is complete diversity of citizenship between Plaintiff, which is a citizen of states other than Colorado, and PB, which is a citizen of Colorado.

### B. Amount in Controversy

13. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

14. Plaintiffs seek rescind the foreclosure sale and Trustee's Deed.

15. Based on Plaintiff's own allegations, the Property is worth between $1,035,000.00 and $1,175,000.00. *Compl.*, ¶¶ 15-16.

16. If accurate, any recission of the foreclosure sale would result in PB losing possession of the Property. This loss to PB is far greater than $75,000.[3]

---

[2] A limited liability company is a citizen of the state or states of which its members are citizens. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

[3] In the Fourth Circuit, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). *See also*, *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) ("We ascertain the

17. In the alternative to recission, Plaintiff requests "an Order declaring that the amount credited towards the debt owed by HFH to [PB] is the reasonable value of the Property, and is not based on the $400,000 credit bid offered by [PB] at the sale on May 6, 2024." *Compl.*, ¶ 35.

18. In other words, Plaintiff asks that its debts to PB be credited at over $1,000,000, and not the $400,000 that PB bid at the foreclosure sale.

19. This declaratory relief would represent a loss to PB far greater than $75,000.

20. Simply put, if either of Plaintiff's requests for relief are granted, PB will suffer a significant loss that is well in excess of the jurisdictional minimum.

### V. OTHER REMOVAL ISSUES

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon PB is attached as "**Exhibit A**" along with a copy of the docket sheet from the Circuit Court of Franklin County, Virginia.

22. A Notice of Filing of Notice of Removal will be timely filed with the Circuit Clerk of Franklin County, Virginia and served on Plaintiff.

WHEREFORE, PB, by counsel, respectfully advises that this civil action has been removed from the Circuit Court of Franklin County, Virginia, to the United States District Court for the Western District of Virginia, and that this Court shall assume jurisdiction over this action.

        **PB FINANCING, LLC**
        **By Counsel:**

        */s/ Peter J. Raupp*
        Peter J. Raupp
        Virginia State Bar No. 48689
**STEPTOE & JOHNSON PLLC**    Peter.Raupp@steptoe-johnson.com
        Chase Tower, Seventeenth Floor
    **Of Counsel**        707 Virginia Street, East
        Post Office Box 1588

---

value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant.").

Charleston, WV 25326-1588
(304) 353-8125

and

J. Zachary "Zak" Balasko
Virginia State Bar No. 95345
Zak.Balasko@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Boulevard
Martinsburg, West Virginia 25404
(304) 262-3519

***Attorney for PB Financing, LLC***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**HARRIS FAMILY HOLDINGS, LLC**

    **Plaintiff**,

v.

**PB FINANCING, LLC,**

    **Defendant**.

**Civil Action No. _____**
**(Removal from Franklin County Circuit Court**
**Case No. CL2500618600)**

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, I filed the **"NOTICE OF REMOVAL"** using the CM/ECF system which will send notification of such filing to the following counsel of record:

> Michael D. Hart
> Michael D. Hart, PC
> P.O. Box 622
> Roanoke, VA 24004
> mike@hartlawroanoke.com
> 540-342-9736
>
> And
>
> Richard D. Scott
> Law Office of Richard D. Scott, PC
> 4519 Brambleton Avenue, Suite 210
> Roanoke, VA 24018
> richard@rscottlawoffice.com
> *Counsel for Plaintiff*

                                                    /s/Peter J. Raupp_____